PEOPLE ex rel. NEW YORK CENT. & H. R. R. CO. v. BOARD OF RAILROAD COM'RS OF NEW YORK.

(Supreme Court, Appellate Division, Third Department. November 13, 1901.)

RAILROADS—ONE ROAD CROSSING ANOTHER—BOARD OF RAILROAD COMMISSIONERS—DECISION—ALLOWANCE OF CROSSING—CERTIORARI—FAILURE TO APPEAR—WAIVER—REVERSAL.

Where the board of railroad commissioners, acting under Railroad Law, § 68, determined that a street railway might cross the tracks of a railroad company, and, on certiorari by the railroad company to review the decision, the street railway company was made a party on motion, but did not appear on the argument, or file a brief, though given an opportunity so to do, such conduct was a waiver of the authority granted by the commissioners, and the decision will be reversed.

Certiorari by the people on the relation of the New York Central & Hudson River Railroad Company to review a determination of the board of railroad commissioners allowing the Niagara Falls Street Railway Company to cross the tracks of the New York Central & Hudson River Railroad Company in the city of Niagara Falls. Determination of the board reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Ira A. Place, for relator.

PER CURIAM. This is a writ of certiorari to review the determination of the board of railroad commissioners, made October 15, 1900, under section 68 of the railroad law, determining that the railroad of the Niagara Falls Street Railway Company should cross at grade the tracks of the New York Central & Hudson River Railroad Company at or near the intersection of Second and Niagara streets, in the city of Niagara Falls. Upon motion the Niagara Falls Street Railway Company has been made a party to the proceedings for the purpose of responding to this appeal. Upon the argument the respondent did not appear. It has since been given an opportunity to file a brief herein, but has failed to do so. Under all the circumstances of this case we think the default of the respondent should be deemed a waiver of the authority granted by the railroad commissioners, and for this reason should cause a reversal of their determination.

Determination of the board of railroad commissioners reversed.